## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM M. LEONHAUSER** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **Civil Action No: 1:11-CV-00341** |
| | : | |
| **RONALD A. LONG, M.D., et al.** | : | **(Caldwell, D.J.** |
| | : | **(Mannion, M.J.)** |
| **Defendants** | : | |

---

### BRIEF IN SUPPORT OF
### MOTION TO DIMISS PLAINTIFF'S COMPLAINT
### PURSUANT TO FED. R. CIV. P. 12(b)(6)
### OF DEFENDANTS, ROBERT A. LONG, M.D.
### AND CHRISTINA DOLL, M.D.

## I.   RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, William M. Leonhauser ("Plaintiff") commenced this *pro se*
prisoner civil rights/medical professional liability action by filing a Complaint on
February 22, 2011.  (Doc. 1)  At all relevant times, Plaintiff was incarcerated at the
State Correctional Institute at Smithfield ("SCI-Smithfield"), where he remains to
date.  Id. generally.  Plaintiff claims that for the last several years he has been
suffering from serious medical needs including third-degree heart block requiring a
pacemaker and Parkinson's Disease.  Id.  Plaintiff claims that Defendants, Ronald
A. Long, M.D. ("Dr. Long") and Christina Doll, M.D. ("Dr. Doll") were
deliberately indifferent to these serious medical needs arising out issues raised with

regard to the prescription of medication and consultation with outside medical subspecialists.  Id.

Based on the foregoing factual allegations, Plaintiff makes claim for violation of his Eighth Amendment right against cruel and unusual punishment under 42 U.S.C. Section 1983 ("Section 1983").  Id. generally.  Plaintiff's Complaint can also be read to contain a claim against Drs. Long and Doll for violation of the Fourteenth Amendment right to be provided with information sufficient to make informed medical decisions (with regard to the prescription medication issue).  Id.  Finally, Plaintiff's allegations against Drs. Long and Doll, as medical professionals, can be interpreted as support a state law claim for medical professional liability.  Id.

Drs. Long and Doll waived formal service of original process on May 11, 2011.  (Docs. 21 and 22)  Pursuant to an Order of the Honorable Malachy E. Mannion dated May 12, 2011, the responsive pleading of  Drs. Long and Doll is due to be filed on or before June 29, 2011.  (Doc. 24)  Drs. Long and Doll offer this Brief in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), which is being concurrently filed herewith.

II.   <u>ISSUES</u>

   A.   WHETHER PLAINTIFF'S COMPLAINT AGAINST DRS. LONG
        AND DOLL SHOULD BE DISMISSED *IN TOTO* BECAUSE
        PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE
        REMEDIES AS REQUIRED BY 42 U.S.C.A. §1997e(a)?

        (Suggested answer in the AFFIRMATIVE.)

   B.   WHETHER PLAINTIFF'S EIGHTH AMENDMENT CLAIM
        AGAINST DRS. LONG AND DOLL SHOULD BE DISMISSED
        FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
        CAN BE GRANTED BECAUSE PLAINTIFF HAS FAILED TO
        SET FORTH ALLEGATIONS SUFFICIENT TO SUPPORT SUCH
        A CLAIM?

        (Suggested answer in the AFFIRMATIVE.)

   C.   WHETHER PLAINTIFF'S FOURTEENTH AMENDMENT
        CLAIMS AGAINST DRS. LONG AND DOLL SHOULD BE
        DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH
        RELIEF CAN BE GRANTED BECAUSE PLAINTIFF HAS
        FAILED TO SET FORTH ALLEGATIONS SUFFICIENT TO
        SUPPORT SUCH CLAIMS, THE BASIS OF WHICH IS
        CONTRADICTED IN PLAINTIFF'S GRIEVANCE RECORDS?

        (Suggested answer in the AFFIRMATIVE.)

   D.   WHETHER PLAINTIFF'S APPARENT MEDICAL
        PROFESSIONAL LIABILITY CLAIMS AGAINST DRS. LONG
        AND DOLL SHOULD BE *NON PROSSED*/DISMISSED BECAUSE
        PLAINTIFF HAS FAILED TO TIMELY FILE A CERTIFICATE OF
        MERIT IN SUPPORT OF SUCH CLAIMS AS REQUIRED BY
        PA.R.C.P. NO. 1042.3?

        (Suggested answer in the AFFIRMATIVE.)

E.   WHETHER, IF THIS HONORABLE COURT CONCLUDES THAT PLAINTIFF HAS NOT SET FORTH A FEDERAL CAUSE OF ACTION AGAINST DRS. LONG AND DOLL IN HIS COMPLAINT, SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIM THAT SURVIVES THE INSTANT MOTION TO DISMISS SHOULD BE DENIED WITHIN ITS DISCRETION?

(Suggested answer in the AFFIRMATIVE.)

III.   ARGUMENT

Applicable Legal Standards.

Herein, Drs. Long and Doll challenge the legal sufficiency of, and therefore seeks to dismiss, Plaintiff's Amended Complaint pursuant to F.R.C.P. 12(b)(6).  In deciding such a motion, the Court must accept as true all of the factual allegations of Plaintiff's pleading, but can also make reasonable inferences that can be drawn from the face thereof.  A Court can dismiss a complaint in response to a motion under F.R.C.P. 12(b)(6) when "it appears beyond a doubt that the Plaintiff can prove no set of facts in support of [its] claim that would entitle [it] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Labove v. Lallui, 809 F. 2d (3rd Cir. 1987).  A complaint can likewise be dismissed if it fails to state a legal theory upon which relief can be granted, or fails to allege sufficient facts to support a cause of action.  SmileCare Dental Group v. Delta Dental Plan of Calif, Inc., 88 F. 3d 780, 783 (9th Cir. 1996); see also Rasom v. Marrazzo, 848 F. 2d 398, 401 (3rd Cir. 1988).  In this regard, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery

under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F. 2d 513,

515 (1st Cir. 1988).

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009), the Supreme Court of the

United States set forth an explanation of its approach to pleading a cause of action,

as applicable in this Court.  The Court indicated:

> First, the tenet that a Court must accept as true all of the
> allegations contained in a Complaint is inapplicable to
> legal conclusions.  Thread bear recitals of the elements of
> the cause of action, supported by merely conclusory
> statements, do not suffice.  Although for the purposes of
> a Motion to Dismiss we must take all of the factual
> allegations in the Complaint as true, we 'are not bound to
> accept as true a legal conclusion couched as a factual
> allegation.'  Rule 8 marks a notable and generous
> departure from the hyper-technical, code pleading regime
> of a prior era, but it does not unlock the doors of
> discovery for a Plaintiff armed with nothing more than
> conclusions.  Second, only a Complaint that states a
> plausible claim for relief survives a Motion to Dismiss.

Id.  (Slip Opinion, pages 14-15).  According to the Ashcroft Court,

> [d]etermining whether a Complaint states a plausible
> claim for relief will, as the Court of Appeals observed, be
> a context-specific task that requires the reviewing Court
> to draw on its judicial experience and common sense.
> (citation omitted).

(Id. at 15).  Thus, where the well pleaded facts do not permit the Court to infer

more than the mere possibility of misconduct, the Complaint has alleged, but it has

not shown, that the pleader is entitled to relief.  Id.

Finally, in deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). However, it is well-established that "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).

A.    PLAINTIFF'S COMPLAINT AGAINST DRS. LONG AND DOLL SHOULD BE DISMISSED *IN TOTO* BECAUSE PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS REQUIRED BY 42 U.S.C.A. §1997e(a)

Pursuant to the Prison Litigation Reform Act, 42 U.S.C.A. §1997e(a) ("PLRA exhaustion requirement"), "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." The PLRA exhaustion requirement is

mandatory and applies "regardless of the relief offered by the administrative procedures." <u>Booth v. Churner</u>, 532 U.S. 731, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); <u>Nyhuis v. Reno</u>, 204 F.3d 65, 78 (3d Cir. 2000); <u>Meyers v. Schuylkill County Prison</u>, 2006 U.S. Dist. LEXIS 12564, (M.D. Pa. 2006).  Exhaustion, for these purposes, requires "proper" exhaustion.  <u>Woodford v. Ngo</u> 126 S.Ct. 2378 (2006).  There is no exception for alleged futility.  <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3rd Cir. 2000).  Unexhausted claims shall not be considered by the courts.  <u>Jones v. Bock</u>, 127 S.Ct. 910 (2007).

Here, Plaintiff has not fully exhausted the administrative remedies available to him before filing this action against Drs. Long and Doll.  Inmate Leonhauser has filed four (4) grievances against Dr. Long and/or Doll as to the matters at issue in this case, i.e. arising out of  the prescription of Lopressor[1] or care and/or treatment rendered for conditions of third-degree heart block and Parkinson's Disease.  (Doc. 1) and <u>see</u> Exhibit "A" to the instant Motion.  Said grievances were either <u>not</u> pursued through final appeal or untimely submitted by Plaintiff from the outset. <u>See</u> Exhibit "A".  Thus, Plaintiff is not entitled to relief on any claim against Drs. Long and Doll and his Complaint should be dismissed *in toto*, with prejudice.

---

[1] Lopressor is a benign beta-blocker medication used to treat numerous cardiovascular conditions, including hypertension, chest pain and abnormal heart rhythms.

B.   PLAINTIFF'S EIGHTH AMENDMENT CLAIM AGAINST DRS.
     LONG AND DOLL SHOULD BE DISMISSED FOR FAILURE TO
     STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
     BECAUSE PLAINTIFF HAS FAILED TO SET FORTH
     ALLEGATIONS SUFFICIENT TO SUPPORT SUCH A CLAIM

   1.   Relevant facts.

While at State Correctional Institute at Cresson ("SCI-Cresson") prior to

SCI-Smithfield, from 2002 through 2005, Plaintiff allegedly received "above

average medical treatment and care" for the aforementioned medical conditions,

being taken to see outside specialists in cardiology and neurology, respectively,

two to three times per year.  (Doc. 1 at ¶ 14)  After being transferred to SCI-

Smithfield in early 2006,  Defendants, Ronald A. Long, M.D. ("Dr. Long") and

Christina Doll, M.D. ("Dr. Doll") took over Plaintiff's primary care at SCI-

Smithfield.  Id. at ¶ 17.  Despite Plaintiff claiming that he needs to be taken to see

an outside cardiologist and neurologist at least twice per year, Plaintiff has

allegedly not been taken to see such providers since April of 2008.  Id.

Contrary to Plaintiff's allegation that he has not been taken to see a

cardiologist since April of 2008 (Id. at ¶ 17), Plaintiff also alleges in his Complaint

that his pacemaker wires were nearing the surface of his chest wall and that he was

taken to see two (2) separate cardiologists in this regard.  Id. at ¶¶ 30-31.  Plaintiff

claims that the first cardiologist advised that she would wait until the wires actually

came through the chest wall before operating whereas the second cardiologist advised that surgery was necessary to repair the wires, which was in fact accomplished.  Id.  Plaintiff avers that with regard to the outside neurology consultation, he needs an "upgrade" in his Parkinson's disease medication.  Id. at ¶ 3 of pre-printed form Complaint, p. 2.

Plaintiff also avers that in November or December of 2008, he was prescribed a new type of medication, which was described to him only as "a small white pill" and without discussion of potential side-effects.  Id. at ¶¶ 18-19.  This medication was later determined by Plaintiff to be "Lopressor," a medication used to treat hypertension, a condition which he did not have, and the use of which is allegedly contraindicated by his existing condition of third-degree heart block.  Id. at ¶¶ 19-25.  The prescription of this medication, according to Plaintiff, caused his blood pressure to become dangerously low.  Id. Healthcare providers at outside hospitals allegedly suggested that Drs. Long and Doll discontinue Lopressor, but they continued to prescribe same.  Id. at ¶¶ 20-21 and 28.  Plaintiff claims that Dr. Doll mistakenly believed that he was suffering from hypertension and congestive heart failure, providing indication for administration of Lopressor, and that when he explained that he instead suffered from third-degree heart block, Dr. Doll stated: "whoops, wrong medication."  Id. at ¶¶ 22-25.  When asked by Plaintiff what

injury could have been caused as the result of such alleged improper prescription, Dr. Doll responded that such is "not known."  Id. at ¶ 27.

     2.    Applicable legal precedents.

A plaintiff must show a constitutional violation in order to succeed in a Section 1983 claim.  McCabe v. Prison Health Serv., 117 F. Supp. 2d 443, 449 (ED.Pa. 1997).  The Supreme Court has explained that the analysis of an Eighth Amendment claim involves a two pronged inquiry: 1) an objective inquiry into the qualitative nature of the harm suffered from the punishment; and 2) a subjective inquiry into the mind of the person inflicting the harm.  See Wilson v. Seiter, 501 U.S. 294, (1991).

As to the subjective prong of the analysis in the medical context, as herein relevant, in order to establish an Eighth Amendment claim under Section 1983, a plaintiff must show acts or omissions that indicate deliberate indifference to a serious medical need.  Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).  In this regard, the Plaintiff must demonstrate "unnecessary and wanton infliction of pain" that is "repugnant to the conscious of mankind" and "offend[s] evolving standards of decency."  Estelle v. Gamble, 429 U.S. 97, 105-106 (1976) (emphasis supplied).  Deliberate indifference is a "subjective standard of liability consistent with recklessness as that term is defined in criminal law." Nicini v. Morra, 212 F. 3d. 798, 811 (Third Cir. 2000).  The United States

Supreme Court, in <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S. Ct. 1970 (1994), has

most recently defined the deliberate indifference standard as requiring a showing

that prison medical staff were "subjectively" aware of substantial risk of harm to

the prisoner.  Justice Souter stated in this regard:

> a prison official cannot be found liable under the Eighth
> Amendment for denying an inmate humane conditions of
> confinement unless the official knows of and disregards
> an excessive risk to inmate health or safety…<u>the official
> must be both aware of facts from which the inference can
> be drawn that a substantial risk of serious harm exists,
> and he must also draw the inference</u>.

<u>Id.</u>, 114 S. Ct. at 1979 (emphasis supplied).

Additionally, allegations of unsuccessful medical treatment or medical

malpractice are not sufficient to support a Section 1983 claim.  <u>Paige v.

Holtzapple</u>, 2009 U.S. Dist. Lexis 73624 (M.D. Pa. 2009).  In other words, a

complaint that a physician "has been negligent in diagnosing or treating a medical

condition does not state a valid claim of medical mistreatment under the Eighth

Amendment".  <u>Estelle v. Gamble</u>, 429 U.S. 97, 103, 106 (1976).  The Third Circuit

has confirmed that "it is well established that as long as a physician exercises

professional judgment, his behavior will not violate a prisoner's constitutional

rights." <u>Brown v. Borough of Chambersburg</u>, 903 F.2d 274, 278 (3d Cir. 1990).

An official is not deliberately indifferent <u>even if "he fails to alleviate a significant

risk that he should have identified</u>." <u>Paige</u>, *supra* (emphasis supplied).

As stated in <u>Estelle</u>, *supra,* "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." 429 U.S. at 107. Moreover, as particularly relevant in the instant case, <u>a claim regarding dispensation of incorrect medication fails to give</u> <u>rise to a claim for Eighth Amendment liability.</u> <u>Moore v. Zimmerman</u>, 1985 U.S. Dist. LEXIS 17927 *2 (E.D.Pa. 1985). Finally, and also very importantly herein, <u>not every prisoner with a medical problem has a constitutional right to be seen by</u> <u>an outside specialist.</u> <u>Fisher v. Marks</u>, 1985 U.A. App. LEXIS 22098 *3 (3d.Cir. 1985). In this regard, it has been held that "<u>[m]ost prisoner ailments can be</u> <u>adequate treated within the institution,</u>" <u>particularly where there are comparable</u> <u>consultations available at the institution.</u> <u>Id.</u>

The deliberate indifference test affords considerable latitude to prison medical authorities in the diagnoses and treatment of medical problems in inmate patients. Accordingly, "[c]ourts will disavow any attempt to second guess the propriety or adequacy of a particular course of treatment…which remains a question of sound professional judgment." <u>Little v. Lycoming County</u>, 912 F. Supp. 809, 815 (M.D. Pa. 1996) and <u>Paige</u>, *supra*.

Thus, where an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. <u>White v.</u> <u>Napoleon</u>, 897 F.2d 103, 108-110 (3d Cir. 1990). <u>A mere difference of opinion</u>

between the inmate and the prison's medical staff regarding the diagnosis or

treatment which the inmate received does not support a claim of cruel and unusual

punishment.  McFadden v. Lehman, 968 F.Supp. 1001 (M.D. Pa. 1997); Young v.

Quinlan, 960 F.2d 351, 358 n. 18 (3d Cir. 1992).  As stated by the Seventh Circuit,

"the Eighth Amendment does not guarantee that an inmate receive specific

treatment; it guarantees only 'reasonable measures to meet a substantial risk of

serious harm."  DeBoer v. Luy, 70 Fed. Appx. 880, 883 (7th Cir. 2003); Forbes v.

Edgar, 112 F.3d 262, 266 (7th Cir. 1997) (emphasis supplied).

Moreover, differing medical opinions amongst prison doctors will not

support a claim of cruel and unusual punishment based on deliberate indifference

to a serious medical need.  Ramos v. Lamm, 639 F. 2d. 559, 575 (Tenth Cir. 1980)

cert. den., 450 U.S. 1041 (1981).  In Snipes v. DeTella, 95 F. 3d 586, 590 (Seventh

Cir. 1996), cert. den., 519 U.S. 1126 (1997), the United States Court of Appeals for

the Seventh Circuit concluded in this regard that:

> Physicians will disagree about whether a particular
> course of treatment is appropriate, or even if treatment is
> appropriate at all, but a disagreement in treatment alone
> will not support a constitutional violation.

(Emphasis supplied).  The United States Court of Appeals for the Eighth Circuit

reached the same conclusion in Sancheg v. Vild, 891 F. 2d. 240, 242 (Ninth Cir.

1989), stating:

> A difference of opinion whether between an inmate and a physician <u>or between physicians</u>, does not give rise to an Eighth Amendment violation.

(Emphasis supplied).  <u>Even a disagreement between outside doctors and prison doctors, if proven, fails to demonstrate deliberate indifference to a serious medical need.</u>  <u>Sanders v. Vigil</u>, 917 F. 2d. 28, 1990 W.L. 160964 *2 (Ninth Cir. 1990). <u>Accord</u>, <u>Cruiz v. Ward</u>, 558 F. 2d. 658, 662 (Second Cir. 1977) (<u>It is to be expected that prison physicians should sometimes disagree with the opinions of hospital staff.</u>) <u>cert.</u> <u>den.</u>, 434 U.S. 1018 (1978).

3.    <u>Analysis</u>.

First, Plaintiff's claims for failure to provide consultations with outside medical subspecialists fail as a matter of law.  It is obvious based on the allegations in Plaintiff's Complaint that he is being treated for both claimed serious medical needs, third-degree heart block and Parkinson's Disease.  Plaintiff directly contradicts himself with regard to whether he has received care and treatment by an outside cardiologist, and it is obvious that he has.  Otherwise, Plaintiff merely disagrees with care and treatment being rendered to him, apparently seeking "above average" and "upgrade[d] medical treatment for his conditions.  Plaintiff is simply not entitled to the frequency of medical treatment by outside medical subspecialists <u>that he desires</u> and such matters should left to the <u>sound medical judgment</u> of Drs. Long and Doll.  Additionally, fatal to Plaintiff's claims in this

regard, Plaintiff does not aver that comparable consultative care and treatment for his conditions is not available within SCI-Smithfield (because such is available and has been provided to Plaintiff).

Second, with regard to the improper prescription of Lopressor, it is without question based on Plaintiff's Complaint that such was a mere and unintentional mistake with unknown consequences, which is insufficient as a matter of law to establish deliberate indifference, as required for purposes of Eighth Amendment liability.  As is apparent in Plaintiff's Complaint, Lopressor was discontinued when Plaintiff explained why he should not be taking same.  The fact that other outside healthcare providers may have disagreed with the use of Lopressor in Plaintiff is legally of no consequence in the instant analysis pursuant to the precedents cited, *supra*.[2]

     C.     PLAINTIFF'S FOURTEENTH AMENDMENT CLAIMS AGAINST DRS. LONG AND DOLL SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF HAS FAILED TO SET FORTH ALLEGATIONS SUFFICIENT TO SUPPORT SUCH CLAIMS, THE BASIS OF WHICH IS CONTRADICTED IN PLAINTIFF'S GRIEVANCE RECORDS

     1.     Relevant facts.

Plaintiff claims that in November or December of 2008, he was prescribed a new medication in the form of "a small white pill".  (Doc. 1, Id. at ¶ 18) Plaintiff

---

[2] Notably, Plaintiff does not even allege in his Complaint that Drs. Long and/or Doll were specifically aware of the "recommendation" by an outside hospital that Lopressor should not be continued.  (Doc. 1, Id. generally)

claims that he was not advised as to what the new medication was or what the associated potential side effects were.  Id. at ¶¶ 18-19.  Plaintiff avers that he first became aware of the fact that the "small white pill" being prescribed to him since "eighteen (18) months" was Lopressor was in April/May of 2010, upon reviewing his records from a local hospital.  Id. at ¶ 21.  In a Plaintiff's grievance records, however, there is a document dated June 25, 2009 which shows that Plaintiff was aware of the name of the medication (i.e., Lopressor) at that time, and almost certainly well before.  A true and correct copy of said document is attached to the instant Motion as Exhibit "B".  In any event, per Plaintiff's Complaint, the prescription of Lopressor to him was nothing more than a mistake.  Id. at ¶¶ 22-25.  Also, and relevantly, Plaintiff hints in his Complaint to the valid penological interest behind non-disclosure of medication details to prisoners in certain instances: improper seeking, use and/or distribution of prescription medications.  Id., e.g., at ¶¶ 35 and 37.

       2.    Applicable legal precedents.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution encompasses the right to be free from unjustified intrusions into the body, the right to refuse unwanted medical treatment and the right to sufficient information to intelligently exercise those rights.  White v. Napolean, 897 F.2d 103, 111 (3d Cir. 1990).  Prisoners retain a limited right to refuse treatment and a

related right to be informed of the proposed treatment and viable alternatives.  Id.
at 113.  A prison may compel a prisoner to accept treatment when prison officials,
in the exercise of professional judgment, it is deemed necessary to carry out valid
medical or penological objectives.  Id.  The judgment of prison authorities will be
presumed valid unless it is shown to be such a substantial departure from accepted
professional judgment, practice or standards as to demonstrate that the person
responsible actually did not base the decision on such judgment.  Id.  Similar to in
the context of an Eighth Amendment claim (as detailed *supra*), the above
protections afforded to prisoners are not triggered by mere negligence of prison
officials.  Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed. 2d 662
(1986).

     3.    Analysis.

Based on the grievance record discussed *supra*, Plaintiff's claim that for an
extended period of time he had to have so-called "blind faith" (Doc. 1, Id. at ¶¶ 19
and 36) in Drs. Long and Doll with regard to the prescription of an undisclosed
medication is untrue.  Rather, it appears that Plaintiff knew that he was taking
Lopressor concurrent with the time prescribed or shortly thereafter.   Even if
Plaintiff was not provided with the details surrounding the prescription of
Lopressor, as is apparent from his Complaint, such was due to obvious and valid
penological interests concerning prescription drug use in prison.  The prescription

of a beta-blocker medication should accordingly be left to the judgment of medical professionals such as Drs. Long and Doll.  Finally, the alleged mistaken prescription of Lopressor to Plaintiff, in claimed contraindication to his medical condition, was a mere mistake as plead and amounts to negligence, at most.  Under the circumstances of this case, it cannot validly be said that there was any wanton infliction of pain by Drs. Long and Doll in this regard as is required to establish a *prima facie* case under against them under the Fourteenth Amendment.

> D.   PLAINTIFF'S APPARENT MEDICAL PROFESSIONAL LIABILITY CLAIMS AGAINST DRS. LONG AND DOLL SHOULD BE *NON PROSSED*/DISMISSED BECAUSE PLAINTIFF HAS FAILED TO TIMELY FILE A CERTIFICATE OF MERIT IN SUPPORT OF SUCH CLAIMS AS REQUIRED BY PA.R.C.P. NO. 1042.3

Pa.R.C.P. No. 1042.3 ("Rule 1042.3") provides in pertinent part:

> Rule 1042.3.  Certificate of Merit
>
> (a) In any action based upon an allegation that a licensed professional[3] deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> > (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

---

[3] For purposes of Rule 1042.3, a "licensed professional" is licensed as a "health care provider", which obviously includes a physician.  See Pa.R.C.P. No. 1042.1.

> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

(Emphasis supplied).  This Honorable Court has held that Rule 1042.3 applies in Federal Court and to all plaintiffs, including *pro se* and incarcerated plaintiffs. Levi v. Director Harley Lappin, 2009 U.S. Dist. Lexis 52227 (M.D. Pa. 2009).

Pursuant to Pa.R.C.P. No. 1042.7, a *non pros* judgment[4] shall be entered when a plaintiff fails to timely file a Certificate of Merit.  No notice of intent to so proceed is required in federal court, as such has been held to be a procedural requirement.  Santee v. United States of America, 2009 U.S. Dist. LEXIS 88850 *4 (M.D.Pa. 2009) Prejudice to a defendant is not a condition precedent to the entry of judgment in this regard.  Lopez v. Brady, 2008 WL 2310943, 2008 U.S. Dist. LEXIS 43797 (M.D.Pa. June 3, 2008).

Plaintiff filed his Complaint on February 22, 2011.  (Doc. 1)  Therein, there was an apparent claim against Drs. Long and Doll, both licensed physicians, that sound in medical professional liability.  Id. generally.  Specifically, Plaintiff claims that Drs. Long and Doll improperly treated him for conditions of third-degree heart

---

[4] The federal court equivalent of a state court *non pros* judgment is dismissal.  See e.g. Butler v. Fochios, 2008 U.S. Dist. Lexis 20333 (M.D.Pa. March 12, 2008).

block and Parkinson's disease, and erroneously managed his prescription medications.  Id. generally.  Despite these apparent medical professional liability allegations, no Certificates of Merit accompanied Plaintiff's Complaint at the time of filing (Id.), nor have any such certificates been filed within sixty (60) days thereof, on or before April 25, 2011.  Accordingly, it is respectfully requested that Plaintiff's claims of medical professional liability against Drs. Long and Doll, which arise out of alleged breaches in medical professional standards, be dismissed with prejudice.

> E.   IF THIS HONORABLE COURT CONCLUDES THAT PLAINTIFF HAS NOT SET FORTH A FEDERAL CAUSE OF ACTION AGAINST DRS. LONG AND DOLL IN HIS COMPLAINT, SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIM THAT SURVIVES THE INSTANT MOTION TO DISMISS SHOULD BE DENIED WITHIN ITS DISCRETION

If this Honorable Court concludes that Plaintiff has not set forth a federal cause of action against Drs. Long and Doll in his Complaint, it should not utilize its discretion to exercise supplemental jurisdiction over Plaintiff's concurrently asserted state law claims (i.e., for medical professional liability), if such would survive the instant Motion to Dismiss.  While 28 U.S.C. §1367 permits a District Court to exercise supplemental jurisdiction over state law claims under certain circumstances, the Court may, however, decline to exercise such supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. Virtually all Federal Courts to consider this issue have concluded that if no federal

cause of action survives a Motion to Dismiss, the Court should decline to

adjudicate any remaining state law claims.  See Landfeld v. Marian General Hosp.,

Inc., 994 F. 2d. (Sixth Cir. 1993).

Respectfully submitted,

Marshall, Dennehey, Warner, Coleman & Goggin

By:   /s/ Michael C. Mongiello
        Michael C. Mongiello
        Attorney ID: 87532
        4200 Crums Mill Road, Suite B
        Harrisburg, PA  17112
        (717) 651-3500

Dated: June  27 , 2011

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am this day serving a copy of the foregoing Brief in Support of Motion upon the person(s) and in the manner indicated below, which service satisfies the requirements of the Federal Rules of Civil Procedure, by ECF notification and by depositing a copy of same in the United States Mail, first-class postage prepaid, addressed as follows:

William M. Leonhauser, EN-9387
SCI Smithfield
PO Box 999
1120 Pike Street
Huntingdon, PA 16652
(Via regular mail)

Maria G. Macus-Bryan, Esquire
Chief Counsel's Office
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

Marshall, Dennehey, Warner, Coleman & Goggin


By: /s/ Michael C. Mongiello
        Michael C. Mongiello
        Attorney ID: 87532
        4200 Crums Mill Road, Suite B
        Harrisburg, PA  17112
        (717) 651-3500

Dated: <u>June 27, 2011</u>
05/734446.v1