**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM M. LEONHAUSER | : |
| | : Civil Action No. 1:11-cv-0341 |
| Plaintiffs, | : |
| | : Judge William W. Caldwell |
| v. | : |
| | : Magistrate Judge Mannion |
| RONALD A. LONG, M.D., et al. | : |
| | : **Filed Via Electronic Case Filing** |
| Defendants | : |

**CORRECTIONS DEFENDANT'S RESPONSE TO PLAINTIFF'S LETTER
(DOC. NO. 40)**

**Procedural History**

On February 22, 2011, William Leonhauser, a *pro se* inmate incarcerated at the State Correctional Institution at Smithfield ("SCI-Smithfield"), filed a civil rights action pursuant to 42 U.S.C. § 1983 against Drs. Ronald Long and Christine Doll (non-Department employees not represented by the Undersigned Counsel) and SCI-Smithfield Corrections Health Care Administrator William Dreibelbis. *See* Document No. 1. On April 27, 2011, the Undersigned Counsel waived service and entered an appearance for William Dreibelbis (hereinafter, "Corrections Defendant

Dreibelbis"). On May 2, 2011, Corrections Defendant Dreibelbis filed a Motion to Dismiss the Complaint with a supporting Brief. *See* Documents No. 15 and 16.

On September 6, 2011, this Court ordered the Defendants to file a response to the Plaintiff's correspondence to the Court (Document No. 40) in which he avers that (1) he was told that he cannot mail anything out of the Institution without first having authorization from the "Administrative Assistant;" (2) that he is not permitted to serve any motions, petitions, or documents on any opposing party or their counsel; and that the Institution's Mailroom will not allow him to mail anything to the Court unless it is approved by SCI-Smithfield staff. *See* Document No. 41.

## **Response to Plaintiff's Letter**

Regardless of *in forma pauperis* status, litigants generally bear their own litigation expenses. *Rivera v. DisAbato*, 962 F. Supp. 38 (D.N.J. 1997) (denying inmates free copies of depositions) (*citing Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993)). *See also Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (there is no provision in the federal statute [28 U.S.C. § 1915(b)] for the payment by the government of the costs of other litigation expenses).

According to the DC-ADM 803 Procedures Manual, "Inmate Mail and Incoming Publications," "[u]pon written request, an indigent[1] inmate . . . shall be provided with stationery and a pen, and shall be able to anticipate the cost for postage to file papers necessary to the good faith pursuit of legal remedies." *See* DC-ADM 803, Section 1, C (Exhibit "A-1"). *See also* Declaration of Lisa Hollibaugh (Exhibit "A"). The aforementioned request is to be submitted to the Facility Business Manager/designee. *See* Exhibit "A."

---

[1] An "indigent inmate" is defined in the Glossary of Terms to the DC-ADM 803 as follows:

> An inmate shall be deemed indigent if the combined balances of his/her facility account and any other accounts are $10.00 or less at all times during the 30 days preceding the date on which the inmate submits a request to a person designated by the Facility Manager/designee. Any inmate who refuses available work/school although he/she is physically able and is not precluded from work/school by virtue of his/her housing status, is not indigent for the purposes of this policy and is not eligible for free stationary or to anticipate for postage. An inmate who is self-confined may also be considered as refusing available work although physically able as determined by the Program Review Committee (PRC). Any inmate who has funds in another account, which if deposited in his/her facility account would bring his/her balance to more than $10.00, is not indigent. Any inmate who has not made a good faith effort to manage his/her money so as to be able to pay the necessary costs of litigation himself/herself is not indigent.

3

Upon approval of the request, the inmate is to be provided free of charge a pen and a packet of 50 sheets of clean paper and five sheets of carbon paper. *Id.*[2]

Furthermore, an indigent inmate "may anticipate on his/her account, postage for legal mail, to include Exhaustion of Grievance and copying charges of up to $10.00 per month. Under no circumstances, shall the Business Manager/designee approve requests in excess of $10.00 per month. An inmate is responsible for managing his/her funds and monthly postage allowance to meet his/her legal needs." *Id.* The Business Manager/designee is to respond to the request within five working days. *Id.* Regardless of whether he or she is indigent, all inmates are provided with ten (10) letter-sized envelopes and permitted to mail ten (10) one-ounce, first-class letters per month without cost. *Id.*[3]

---

[2] The inmate may submit a request for one more additional packet per month if the aforementioned quantity of paper or carbon paper is not sufficient. *See* DC-ADM 803, Section 1, C., 1, d(2).

[3] The Department policy that limits the amount of free postage, clean paper, and carbon paper provided to an indigent inmate (DC-ADM 803, "Inmate Mail and Incoming Publications") is constitutional. *Moss v. Pa. Dep't of Corr.*, 868 A.2d 615 (Pa. Cmwlth. 2004). Because there is a rational connection between the regulation and a legitimate government interest, the policy was constitutional. *Id.* The Pennsylvania Commonwealth Court also found that the inmate's "failure or inability to file certain documents with the courts . . . was a result of his excessive legal filings and his inability to prioritize the same, and not the result of the Department's stationery policy." *Id.*

Leonhauser avers that he tried to mail something to the Court but was informed that he was "over the limit." *See* Document No. 40. With regard to the envelope in question, Leonhauser, who does qualify as "indigent" within the meaning of Department Policy, only had $ 0.62 left of the allotment of $ 10.00 for the month of August. *Id.* The cost to mail the envelope in question was more than $ 0.62. *Id. See also* Exhibit "A-2."

With regard to Mr. Leonhauser's averments as to alleged restrictions placed upon his mailing of documents, upon investigation, Ms. Hollibaugh, Corrections Superintendent's Assistant at SCI-Smithfield, (1) is not aware of anyone having informed Leonhauser that he cannot mail anything out of the Institution without first having authorization from the "Administrative Assistant," (2) is not aware of anyone having informed Leonhauser that he is not permitted to serve any motions, petitions, or documents on any opposing party or their counsel; and (3) is not aware of anyone having informed Leonhauser that the Institution's Mailroom will not allow him to mail anything to the Court unless it is approved by SCI-Smithfield staff. *See* Exhibit "A."

Last, to the extent that Leonhauser is seeking copies of his medical records, charges for copies of same are in accordance with Department Policy DC-ADM 003, "Release of Information." *Id. See also* Exhibit "A-3." To the extent that Leonhauser is implying that the Department should bear the cost of photocopying his medical records, he is mistaken because regardless of *in forma pauperis* status, he bears his own litigation expenses and is responsible for managing his funds for purposes of same. States are "under no obligation to fund, without restraint, the plaintiff's recreational litigation and jailhouse lawyering." *Eason v. Nicholas*, 847 F.Supp. 109, 113 (D. Ill. 1994). "[I]nmates do not have a right to unlimited free supplies." *Id.* at 112.

In light of the aforementioned, the Department submits that Leonhauser's right of access to the Court in this civil action is not being violated, and neither the Department nor SCI-Smithfield is interfering with same.

        Respectfully submitted,

        Office of General Counsel

    By: <u>s/ Maria G. Macus-Bryan</u>
       Maria G. Macus-Bryan
       Assistant Counsel
       Atty. Identification No.: 90947
       PA Department of Corrections
       1920 Technology Parkway
       Mechanicsburg, PA 17050
       Phone No.: (717) 728-7763
       Fax No:  (717) 728-0312
       Email: mmacus-bry@state.pa.us

Dated:  September 16, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLEM M. LEONHAUSER : | |
| : | Civil Action No. 1:11-cv-0341 |
| Plaintiffs, : | |
| : | Judge William W. Caldwell |
| v. : | |
| : | Magistrate Judge Mannion |
| RONALD A. LONG, M.D., et al. : | |
| : | **Filed Via Electronic Case Filing** |
| Defendants : | |

## CERTIFICATE OF SERVICE

I hereby certify that I am depositing in the U.S. mail a true and correct copy of the foregoing *Corrections Defendant's Response to Plaintiff's Letter* in the above-captioned matter for service upon the following person(s) below:

<u>Service by first-class mail</u>
<u>addressed as follows</u>

William M. Leonhauser, EN-9387
SCI – Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

          <u>s/ Renée J. Roberts</u>
          Renée J. Roberts
          Legal Assistant
          Pennsylvania Department of Corrections
          1920 Technology Parkway
          Mechanicsburg, PA 17050
          Phone No.: (717) 728-7763

Dated: September 16, 2011