**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM M. LEONHAUSER,** | : | |
| Plaintiff | : | |
| | : | **CIVIL ACTION NO. 1:11-0341** |
| v. | : | |
| | : | **(CALDWELL, D.J.)** |
| **ROBERT A. LONG, M.D.;** | : | **(MANNION, M.J.)** |
| **CHRISTINE DOLL, M.D.; and** | | |
| **WILLIAM DREIBELBIS, C.H.A.C.,** | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**[1]

Pending before the court is an unopposed motion to dismiss the plaintiff's complaint filed on behalf of defendant Dreibelbis. (Doc. No. 15). Based upon the court's review of the motion, it is recommended that it be granted.

By way of relevant background, on February 22, 2011, the plaintiff, an inmate at the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). The proper prisoner authorization form and application to proceed *in forma pauperis* were filed on March 7, 2011. (Doc. No. 8, Doc.

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

No. 9). On the same day, a financial administrative order was issued directing the prison warden/superintendent to deduct the proper filing fee for the instant action from the plaintiff's inmate account. (Doc. No. 10).

On May 2, 2011, defendant Dreibelbis filed the instant motion to dismiss the plaintiff's complaint, (Doc. No. 15), along with a brief in support thereof, (Doc. No. 16). As of the date of this report, the plaintiff has failed to file a brief in opposition to defendant Dreibelbis's motion. The motion will however be given a merits review in accordance with the provisions of Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Byers v. Intuit, Inc., 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted). The court is not limited to evaluating the complaint alone. It may consider documents that form the basis of a claim. Lum v. Bank of America, 361 F.3d 217, 221 n.3 (3d Cir. 2004). It may also consider "documents whose contents are alleged in the complaint and whose authenticity no party questions," even though they "are not physically attached to the pleading . . ." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).

A complaint has to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, only a "short and plain statement" showing the right to relief. Pryor, 288 F.3d at 564 (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), *quoting* Fed.R.Civ.P. 8(a)(2)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[M]ore than labels and conclusions" are required. Twombly, 550 U.S. at 555.

In his complaint, the plaintiff alleges that he suffers from a heart condition for which he has a pacemaker and Parkinson's Disease. The plaintiff alleges that he was denied adequate treatment for these conditions while confined at SCI-Smithfield. While at SCI-Smithfield, the plaintiff alleges that he was being treated by defendants Doll and Long. With respect to defendant Dreibelbis, the Acting Correctional Health Care Administrator at SCI-Smithfield, the plaintiff alleges that although the plaintiff was previously informed at another institution that he was required to see a cardiologist at least twice a year and a neurologist at a minimum of twice a year, defendant Dreibelbis ". . . refused to arrange scheduled appointments with Cardologist

3

(sic), and Nuerologist (sic) for treatment of the Parkinson's Disease for over three (3) years[.] Plaintiff was refused access to a Cardologist (sic) even after the pacemaker lead (wires) came through the chest wall, whereby placing plaintiff life in jeopardy." The plaintiff alleges that "[w]henever [he] would ask or raise the subject as to seeing the neurologist about the Parkinson's Disease, the only answer given was arrangements needed to be made via Mr. Dreibelbis' office." The plaintiff alleges that the failure of defendant Dreibelbis to provide him access to a neurologist and cardiologist was in violation of his Eighth Amendment right to adequate medical treatment.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (I) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical

4

treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir.1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979). Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct.13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care").

As the Acting Correctional Health Care Administrator, defendant Dreibelbis is considered a non-medical prison official in the context of a §1983 denial of medical care claim. See Spencer v. Beard, 2010 WL 608276, *4 n.5

(W.D.Pa. Feb.17, 2010), citing Hull v. Dotter, 1997 WL 327551, *4 (E.D.Pa. June 12, 1997); Freed v. Horn, 1995 WL 710529, **3–4 (E.D.Pa. Dec.1, 1995). In Durmer, supra, the Third Circuit held that non-medical prison officials cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison medical staff. See also Thomas v. Zinkel, 155 F.Supp.2d 408, 413 (E.D.Pa. 2001) ("Prison authorities who are not physicians cannot be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor. Similarly, health care administrators cannot be found deliberately indifferent when an inmate is receiving care from a doctor.") (internal citations and quotations omitted)). Subsequently, the Third Circuit stated that "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official like [defendant] will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

Here, the plaintiff's complaint indicates that he was under the treatment of defendants Doll and Long. There is no indication from the plaintiff's complaint that defendant Dreibelbis had reason to believe or any actual

6

knowledge that defendants Doll or Long were mistreating or not treating the plaintiff for his conditions. Moreover, while the plaintiff alleges that defendant Dreibelbis refused to arrange appointments with a cardiologist or neurologist, the defendant's materials reflect that department policy provides that the need for off-site specialty medical appointments is determined by the medical providers, not Department of Corrections employees, such as defendant Dreibelbis. (Doc. No. 16, p. 7, citing Department Policy 13.2.1, "Access to Health Care Procedures Manual," Section 1, "Inmate Health Care Plan," subsection 6, "Specialty Services."[2]). There is no indication from the plaintiff's complaint that defendant Dreibelbis was ever directed by either defendant Doll or defendant Long to schedule the plaintiff for an appointment with a cardiologist or neurologist which he then deliberately failed to do. In light of all of the foregoing, the plaintiff has failed to sufficiently state an Eighth Amendment medical claim against defendant Dreibelbis.

---

[2]The court may take judicial notice of Department of Corrections regulations. See e.g., Hodges v. Klein, 421 F.Supp. 1224, 1233 (D.N.J. 1976) (court took judicial notice of written Department of Corrections regulations), *aff'd*, 562 F.2d 276 (3d Cir. 1977). See also Gleave v. Graham, 954 F.Supp. 599, 605 (W.D.N.Y. 1997) (court took judicial notice of the Bureau of Prison's Program Statements which set forth official internal agency guidelines), *aff'd* 152 F.3d 918 (2d Cir. 1998)(Table); Antonelli v. Ralston, 609 F.2d 340, 341, n.1 (8th Cir. 1979) (judicial notice taken of a Bureau of Prison's Program Statement).

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the motion to dismiss the plaintiff's complaint filed on behalf of defendant Dreibelbis, **(Doc. No. 15)**, be **GRANTED**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: January 4, 2012**
O:\shared\REPORTS\2011 Reports\11-0341-01.wpd