UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM M. LEONHAUSER, :
    Plaintiff :
     :
    v. : CIVIL NO. 1:11-CV-0341
     :
ROBERT A. LONG, M.D. and :
CHRISTINE DOLL, M.D., :
    Defendants :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    We are considering Plaintiff's objections to the Report and Recommendation ("R&R") of Magistrate Judge Mannion, which recommends that we grant Defendants' motion for summary judgment. Plaintiff, a prisoner at the State Correctional Institution at Smithfield, alleges that Defendants Long and Doll, doctors at the prison, were deliberately indifferent to his medical needs. The magistrate judge found that Plaintiff failed to exhaust the available administrative remedies. Plaintiff filed objections to the Report, asserting that he did not receive an exhibit attached to Defendants' motion to dismiss, which was later converted to a motion for summary judgment. Plaintiff also argued that, contrary to the conclusion of the magistrate judge, he did exhaust the administrative remedies. We allowed Plaintiff time to review the missing exhibit and file additional objections to the Report and Recommendation. Plaintiff's objections deal with his failure to exhaust.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all available administrative remedies prior to bringing an action pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). To determine whether Plaintiff exhausted the available administrative remedies, we look to the grievance procedure. See Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004). The Pennsylvania Department of Corrections ("DOC") has an Inmate Grievance System which allows inmates to file written grievances with the Grievance Coordinator within fifteen days of the event upon which the claim is based. (Doc. 32-1, at 10). The Grievance Coordinator then makes a decision that may be appealed to the Facility Manager. (Id. at 12). A final appeal may be submitted to the Secretary of the DOC Office of Inmate Grievances and Appeals. (Id. at 14).

Plaintiff brought four grievances against Defendants, which were assigned numbers 275737-09, 278738-09, 322331-10, and 34397-10. Plaintiff does not dispute that he failed to appeal the first three grievances, procedurally defaulting on those claims. (Doc. 53, ¶ 10). He asserts, however, that he met the exhaustion requirement by appealing grievance 343975-10, which was rejected as untimely. (Id.) Plaintiff also argues that his grievance was timely filed. Defendants maintain that the grievance was filed after the fifteen day period allowed in the grievance policy, failing to comport with the requirement of *proper* exhaustion.

Grievance 343975-10 alleged that Defendants Long and Doll prescribed him Lo-Pressor, a drug that is primarily used for the treatment of high blood pressure. (Doc. 32-1, at 31). Plaintiff asserts that he suffers from low blood pressure, and taking

Lo-Pressor caused his blood pressure to drop to dangerous levels.  (Id.)  There is no dispute that in April 2010 Plaintiff received a copy of a hospital report that instructed Defendants to discontinue Lo-Pressor.  (Doc. 53 at ¶ 11).  Plaintiff acknowledges that the Lo-Pressor was discontinued in April 2010 and that he filed grievance 343975-10 in November 2010.  (Id. at ¶¶ 11, 15).  Plaintiff argues that his claim is not time-barred, because on May 25, 2010, Defendants began prescribing Isosrobide, a medication with similar purpose and side effects as Lo-Pressor.  (Id. at ¶ 13).  This new prescription, according to Plaintiff, created an ongoing issue of prescribing improper medication.  Defendants argue that we should not consider the prescription of Isosrobide because Plaintiff failed to include these allegations in his complaint and grievance 343975-10.

　　　　While Plaintiff characterizes the prescription of Isosrobide as part of an ongoing issue, his grievance and complaint only discuss the prescription of Lo-Pressor.  (Doc. 1; Doc. 32-1, at 31-32).  If Plaintiff has additional concerns about the prescription of Isosrobide, he must exhaust administrative remedies before seeking relief pursuant to 42 U.S.C. § 1983.  See 42 U.S.C. § 1997e(a).

　　　　We agree with Magistrate Judge Mannion's conclusion that Plaintiff failed to timely file grievance 343975-10.  See Woodford v. Ngo, 548 U.S. 81, 84, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (requiring "*proper* exhaustion of administrative remedies").  Although Plaintiff appealed the rejection of his grievance as untimely, the appeals dealt solely with the issue of timeliness and did not address the merits of the claim.  (Doc. 32-1, at 33-38).  Plaintiff failed to *properly* exhaust administrative remedies.

AND NOW, this 5th day of June, 2012, upon consideration of the report and recommendation of the magistrate judge (Doc. 51), filed February 15, 2012, and Plaintiff's objections thereto, it is ordered that:

1. The magistrate judge's report (Doc. 51) is adopted.

2. Plaintiff's objections to the magistrate judge's report and recommendation are OVERRULED.

3. Defendants' motion to dismiss the plaintiff's complaint, converted to a motion for summary judgment, (Doc. 32) is GRANTED.

4. The Clerk of Court shall close this file.

                                                  /s/ William W. Caldwell
                                                  William W. Caldwell
                                                  United States District Judge